Clarence PHILLIPS *v.* Richard GIDDINGS et al;
JACKSONVILLE CHAMBER OF COMMERCE,
Intervenor

83-13                                                    646 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered February 11, 1983
[Rehearing denied March 21, 1983.]

*Henry J. Osterloh,* for appellant.

*Wilbur C. Bentley,* Pros. Atty., by: *Orin Eddy Montgomery,* Deputy Pros. Atty., for appellees.

*Mike Wilson,* for intervenor.

RICHARD B. ADKISSON, Chief Justice. The only issue in this case is whether Act 77 of 1979, Ark. Stat. Ann. § 80-502.10 (Repl. 1980), is unconstitutional as special or local legislation. The Pulaski County Chancery Court held that the act was constitutional, and on appeal we affirm.

The act provides:

Certain school boards to be elected by zone. — The County Board of Education of each county encompassing a school district which may now or hereafter having [have] an average daily attendance in excess of 24,000 shall divide such school district into zones for the purpose of electing members to such school district's Board of Directors and such zones shall be of equal population to the extent possible. Beginning with the 1983 school board elections, members of the Board of Directors of school districts with an average daily attendance in excess of 24,000 shall be elected by zone; and shall be qualified electors of the zones from

which elected; and shall have actually resided in such zone for at least six [6] months prior to their election.

Amendment 14 of the Arkansas Constitution provides that "The General Assembly shall not pass any local or special act." In *Webb* v. *Adams*, 180 Ark. 713, 23 S.W.2d 617 (1929) we defined special and local:

> A local law is one that applies to any subdivision or subdivisions of the State less than the whole. ... A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon which, but for such separation, it would operate.

Although the terms are sometimes used synonymously, "special" relates to persons or things and "local" relates to political or geographic units. Anderson, *Special and Local Acts in Arkansas*, 3 Ark. L. Rev. 113 (1949).

Acts of the legislature are accorded presumptive validity with all doubt concerning the constitutionality of an act resolved in favor of constitutionality. If it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will do so. *Heber Springs Sch. Dist.* v. *West Side Sch. Dist.*, 269 Ark. 151, 599 S.W.2d 371 (1980). Therefore, the burden of proof is on appellant to prove the act is arbitrary, that is, that the classification does not bear a reasonable relation to the purpose of the act. Here, there was no evidence tending to show arbitrariness or unreasonableness except that the act currently applies only to one school district, a contention which we answered in *Thomas* v. *Foust*, 245 Ark. 948, 435 S.W.2d 793 (1969):

> The fact that a law is limited in effect to only one or a few classifications does not necessarily condemn it as special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the act.

We are unable to say that the chancellor was clearly erroneous in finding that the classification in Act 77 of 1979

bears a reasonable relation to the purpose of the act, that purpose being to ensure a broad based representation on the school board in school districts with a large daily attendance. The legislature may have concluded that zoning was necessary in order to achieve that purpose in a large and diverse district.

The case of *Special Sch. Dist. of Fort Smith* #100 v. *Sebastian Co., Ark.*, 277 Ark. 326, 641 S.W.2d 702 (1982), upon which appellant relies, is distinguishable. In that case the challenged legislation applied only to counties with a population between 78,000 and 84,000. Although we found that there was a legitimate purpose for the legislation, the classification was so narrowly drawn that we concluded the act was special legislation. However, under Act 77 of 1979 the classification is open, with no upward limit on the daily attendance. Prospectively, a substantial number or all of the state's districts could fall within this classification.

Affirmed.

HICKMAN, PURTLE, and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent because I think the majority simply refuses to face up to the fact that this act is local legislation and clearly violates Amendment 14 of the Arkansas Constitution which states:

The General Assembly shall not pass any local or special act.

The reason there was no further explanation of a local act in the constitution is that none was needed. We have in the past evaded this provision by finding that there was a reasonable relation to the purpose of the act. Act 77 of 1979 does not even suggest a purpose for its enactment, therefore, there can be no reasonable relation to its purpose. The very intent of Amendment 14 was to do away with just such acts as this one.

The majority correctly states we have determined local law to be one applicable to any subdivision(s) less than the

whole of the state. *Webb* v. *Adams,* 180 Ark. 713, 23 S.W.2d 617 (1929). Certainly, the Pulaski County School District comes within this definition. Why is it better for this single district to elect its directors by zones than any other district in the state? No reasonable relation to the objective was contained in the act nor is one given in the majority opinion. Without this, the act is clearly local and special legislation.

This court stated in *Special School Dist. of Fort Smith #100* v. *Sebastian Co.,* 277 Ark. 326, 641 S.W.2d 702 (1982): "We have held on a number of occasions that legislation that will effectively apply to only one county, is local and special and therefore unconstitutional." If that were the law on November 8, 1982, it should still be the law! Otherwise, we should announce Amendment 14 is hereby nullified through Supreme Court fiat and the General Assembly is again free to pass all the local and special laws it desires.

HICKMAN and HAYS, JJ., join in this dissent.