The Honorable Joe Harris, Jr. State Representative P.O. Box 781 Osceola, Arkansas 72370
Dear Representative Harris:
This is in response to your request for an opinion on whether Act 228 of 1967 is unconstitutional as a "special or local act" under Amendment 14
to the Arkansas Constitution. That act, which is not codified in the Arkansas Code, provides that in counties with a population of not less than 68,000 nor more than 80,000 inhabitants, according to the 1960 federal census, and in which is located two judicial districts, the judges of the municipal courts in such counties shall be elected by all the voters of the judicial district in which the municipal court is located. According to federal census figures, this Act could only apply to Mississippi County, Arkansas, in which is located the Osceola and Blytheville municipal courts. The requirement that these municipal court judges be elected by all the voters in each judicial district is different from the general requirement of what is now A.C.A. §§ 16-17-201
to -224 (under which the Osceola municipal court was created), that such judges be elected from the voters of the city alone.
It is my opinion that Act 228 of 1967 would, based upon the Arkansas Supreme Court's decision in Littleton v. Blanton, 281 Ark. 395,665 S.W.2d 239 (1984), in all likelihood be deemed unconstitutionally "local or special" for purposes of Amendment 14. You should be aware, however, that a more recent statute, A.C.A. § 16-17-120 (1987), provides that every city in the state having a municipal court, may, by ordinance of the city governing body, provide for the municipal judge to be elected by the voters of the judicial district in which the municipality creating the court is located.
Arkansas Constitution, Amendment 14 provides that: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts." It has been stated that legislation may be classified as general, special, or local. A law is general when it operates on all counties, cities and towns alike. A law is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some person, place or thing from those upon which it would operate except for the separation. A local law is one that applies to any subdivision or division of the state less than the whole. See Laman v. Harrill, 233 Ark. 967, 349 S.W.2d 814 (1961). An act, however, is not special or local legislation, even if applying to less than the whole state, if the classification bears a reasonable relationship to the purpose of the act. See, e.g., Phillips v. Giddings,278 Ark. 368, 646 S.W.2d 1 (1983).
The Arkansas Supreme Court, prior to 1984, had carved out an exception to the "special or local" prohibition, by applying a more lenient standard when the act or statute concerned the "administration of justice." See
discussion in Littleton, supra, 400-403. This exception was applied to statutes affecting the organization and operation of courts, a category which would include the act about which you inquire, Act 228 of 1967. In 1984, however, in the case of Littleton v. Blanton, supra, the court announced that statutes relating to the administration of justice would no longer be held per se to be neither local or special for purposes of Amendment 14, stating:
 We will continue to hold that statutes designed to meet the judicial needs of an area on a non-discriminatory basis are a part of a judicial system for the entire state and are not local or special within the meaning of Amendment 14, even though such statutes may apply only to individual counties, judicial districts or divisions within districts. However, merely because a statute relates to the administration of justice will no longer be `a permissible point of penetration into Amendment No. Fourteen' [citation omitted] and a guaranty of its constitutionality. The limited application of the statute must be non-discriminatory and bear a reasonable relation to the subject matter of the legislation.
281 Ark. at 406.
Thus, even statutory classifications creating courts or regulating their procedure, which could be deemed to relate to the "administration of justice," must bear a reasonable relation to the purpose of the act and must not arbitrarily separate the classified geographic area from other areas to which the act would normally apply. It is my opinion that Act 228 of 1967 fails to meet this test. As noted previously, the only county to which Act 228 could ever apply (because of the population classification), is Mississippi County. In 1967, when this act was passed, there were other counties having two judicial districts to which this act would normally have applied. I can discern no reasonable non-discriminatory basis for singling out Mississippi County for application of this act. If the application of the act to Mississippi County was thought to be beneficial, there is no reasonable non-discriminatory basis for denying its application to other counties similarly situated.
Support for this conclusion is found in Littleton v. Blanton, supra. At issue in Littleton was the Arkansas legislature's passage of an act creating a "alternative" municipal court in counties having a population of not less than 26,500 nor more than 28,000 according to the 1970 federal census. The act could only apply to Poinsett County. The act differed from the general law authorizing the creation of municipal courts in that it provided for: 1) a non-lawyer municipal judge; 2) a judge appointed by the mayor and city council, rather than elected by the voters; 3) the judge's salary to be set by the city council rather than the legislature; 4) a more restricted area of jurisdiction; and 5) a different allocation of fines collected. The court found that the classification was arbitrary and had no reasonable relationship to the stated purpose of the act, which was to provide an alternate means to create a municipal court in cities of limited financial means or lacking a local attorney. The court noted that numerous other cities could have come within the stated purpose of the act, but were excluded from its operation.
It is my opinion, similarly, that Act 228 of 1967 is in all likelihood impermissible "local or special" legislation under Amendment 14 to the Arkansas Constitution. I must note, however, that since the passage of this 1967 act, the Arkansas legislature, in 1987, passed Act 90 of 1987 (codified at A.C.A. § 16-17-120), which gives any city with a municipal court the option, by passing an ordinance, to have its municipal judge elected by the voters of the entire judicial district (if the county is one divided into two judicial districts).[1] In my opinion the passage of this 1987 act does not remedy, "cure," or render moot the unconstitutional nature of Act 228 of 1967, because Act 228 by statelegislative act arbitrarily separates Mississippi County from other counties, by requiring the municipal judges to be elected from the entire judicial district, rather than giving the cities in Mississippi County the option to choose for themselves whether to elect their municipal judges district-wide, as is now provided for other cities with two judicial districts. This initial and continuing arbitrary classification, in my opinion, renders Act 228 of 1967 unconstitutional local or special legislation. This is not to say, however, that the cities of Osceola and Blytheville may not validly enact ordinances under Act 90 of 1987 requiring their respective municipal judges to be elected by the voters of the entire judicial district in which the court is located.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I have not been provided with any information as to whether the cities of Osceola or Blytheville have enacted such ordinances.