CITY OF SILOAM SPRINGS *v.* BENTON COUNTY,
Arkansas: W. Cary Anderson, Benton County Judge;
Scott Douglass, Benton County Collector;
Gloria Spring-Peterson, Benton County Treasurer

01-869 85 S.W.3d 504

Supreme Court of Arkansas
Opinion delivered September 26, 2002

*Harrington, Miller, Neihouse & Krug, P.A.*, for appellant.

*Robin Green*, for appellees.

RAY THORNTON, Justice. Appellees, Benton County and its officials ("Benton County"), petitioned for a declaratory judgment that Act 219 of 1963 ("Act 219") is an unconstitutional violation of Amendment 14's prohibition against the passage of any local or special act because it apportioned ninety percent of the road tax funds collected from within the corporate limits of Rogers, Bentonville, and Siloam Springs to those cities. The trial court granted appellees' motion for summary judgment, declaring Act 219 unconstitutional as to the cities of Siloam Springs and Bentonville. The trial court granted Rog-

ers's motion to dismiss, allowing the ninety percent apportionment to Rogers to remain in effect, pursuant to Act 174 of 1920.[1]

Appellant, Siloam Springs, appeals the trial court's order, contending that the trial court erred in granting summary judgment declaring Act 219 unconstitutional without requiring Benton County to meet its burden of proof that the act was not rationally related to achieving a legitimate objective of state government. We conclude that the trial court erred in granting the motion for summary judgment declaring Act 219 unconstitutional.

Each county in the state is authorized to levy a three-mill tax on all taxable property in the county. Ark. Code Ann. § 26-79-101 (Repl. 1997). Unless otherwise allowed by law, fifty percent of the three-mill tax collected on property within the corporate limits of a city is apportioned to the city, in accordance with Ark. Code Ann. § 26-79-104 (Repl. 1997), which provides in pertinent part:

> (a) Of the amount collected from the annual three mill road tax in any county in the state, the county courts shall apportion one-half (½), *except where a greater amount is allowed by law*, of the amount collected upon property within the corporate limits of any city or town for use in making and repairing the streets and bridges in the respective cities or towns.

> (b) The collector of any county in the state shall pay into the treasury of the respective cities or towns the amount so apportioned by the county court, which amount shall be expended exclusively by the cities or towns for the purpose of making and repairing the streets and bridges within the corporate limits of the town or city.

*Id.* (emphasis added).

In 1920, the Arkansas General Assembly passed Act 174 to provide that the Benton County Court shall apportion ninety per-

---

[1] The trial court determined that Rogers could receive a ninety percent apportionment because Act 174 of 1920 preceded the adoption of Amendment 14 to the Arkansas Constitution.

cent of the road funds collected solely within the corporate limits of the City of Rogers. Act 174 provides in pertinent part:

> Be It Enacted by the People of the State of Arkansas:

> SECTION 1. That the County Court of Benton County, Arkansas, shall at the term held at which the Collector of Benton County, Arkansas, makes his annual settlement, apportion ninety per cent of the Road funds collected under Amendment Number Five (5) of the Constitution of the State of Arkansas, which are collected within the corporate limits of the City of Rogers in Benton County, Arkansas, to be used by the City Officials for the purpose of constructing and maintaining of the streets, alleys, bridges, and culverts of said city.

*Id.*

In 1926, the people adopted Amendment 14 that reads as follows:

> The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.

Ark. Const. amend. 14.

On March 8, 1963, the legislature adopted Act 219, which provides:

> "Section 1. That the County Court of Benton County, Arkansas, shall at the term held at which the Collector of Benton County, Arkansas, makes his annual settlement, apportion ninety per cent (90%) of the road funds collected under Amendment Number Three (3) of the Constitution of the State of Arkansas, within the respective corporate limits of Rogers, Bentonville, and Siloam Springs in Benton County, Arkansas, to said cities respectively, to be used for the purpose of constructing and maintaining streets, alleys, bridges and culverts in such cities."

*Id.*

From the year 1920, Rogers has been apportioned ninety percent of the tax collected from within its corporate limits, and from 1963 to the date this lawsuit was filed, the cities of Bentonville and Siloam Springs have also been apportioned ninety percent of the tax collected from within their corporate limits.

For their first point on appeal, appellants argue that the trial court erred when it granted the County's motion for summary judgment. Specifically, appellants contend that the County did not meet its burden of proof in establishing that Act 219 is unconstitutional within the meaning of Amendment 14 of the Arkansas Constitution.

■ The appropriate standard of review when reviewing a grant of summary judgment has often been announced by this court:

> We have repeatedly held that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999); *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997).

*Worth v. City of Rogers*, 341 Ark. 12, 20, 14 S.W.3d 471, 475 (2000). *See also* Ark. R. Civ. P. 56(c)(2).

■ Amendment 14 provides that the "General Assembly shall not pass any local or special Act." In *Board of Trustees v. City of Little Rock*, 295 Ark. 585, 750 S.W.2d 950 (1988), we stated:

> Amendment 14 prohibits the general assembly from passing local or special act. An act is special if by some inherent limitation it arbitrarily separates some person, place, or thing from those upon which, but for such separation, it would operate. A local act is one that applies to any division or subdivision of the state less than the whole.

■ ■ We further stated in *Board of Trustees, supra*:

> Statutes are presumed not to be unconstitutional, and they will not be struck down unless they conflict with the Constitution "clearly and unmistakably."

*Id.* (citations omitted). We also stated that

> [c]lassification among geographical or political subdivisions is permitted if the general assembly could have had a rational basis for it, and the fact that the classification includes only one city

does not necessarily mean that it is "local" in the constitutional sense.

*Id.* (citations omitted).

 In determining a challenge to the constitutionality of a statute, we have adopted a well-established standard as to the burden required to declare a legislative act unconstitutional. We articulated this standard in *Streight v. Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983), where we stated:

> Under the rationality standard of review, we must presume the legislation is constitutional, i.e.[,] that it is rationally related to achieving a legitimate governmental objective.
>
> [This presumption] imposes upon the party against whom it is directed the burden of proving the unconstitutionality of the legislation, i.e.[,] that the act is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts.

*Id.*

Applying these rules to the present case, Benton County had the burden of proving that the act was not rationally related to a legitimate governmental purpose. *Streight, supra; see also McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997). Notwithstanding our well-established standard requiring that the party challenging the constitutionality of a legislative act must meet this burden-of-proof requirement, Benton County sought a declaration that Act 219 is unconstitutional on its face because of perceived similarities between this case and *City of Little Rock v. Campbell*, 223 Ark. 746, 268 S.W.2d 386 (1954) and *Street Improvement Districts Nos. 482 and 485 v. Hadfield*, 184 Ark. 598, 43 S.W.2d 62 (1931). The trial court relied on these cases in granting summary judgment in favor of Benton County.

It is clear that Benton County, as the party challenging the constitutionality of the act, had the burden of proving that Act 219 is unconstitutional under *Streight, supra* and *McCutchen, supra*. With its motion for summary judgment, it cited Ark. Code Ann. § 26-79-104, Act 219, Amendment 14, and made an argument that case law, including *Campbell, supra*, and *Hadfield, supra*, established that it was entitled to judgment as a matter of law without

requiring a showing that there was no rational basis for the act. Its contention was that Act 219 was a *prima facie* violation of Amendment 14 because it was special legislation similar to that prohibited by *Campbell, supra*, and *Hadfield, supra*. We note that no showing was made, by affidavit or otherwise, that these three cities, Rogers, Bentonville, and Siloam Springs, were treated any differently than other similar cities in Benton County or elsewhere in the state.

■ ■ Benton County's citations to *Campbell, supra*, and *Hadfield, supra* do not operate as a substitute for meeting its burden of showing that the act is unconstitutional because it is not rationally related to achieving a legitimate governmental objective. We recently restated that requirement in *McCutchen, supra*, where we stated in pertinent part:

> McCutchen further asserts that if an act, on its face, applies to only one geographic subdivision of this state, it is per se unconstitutional as a violation of Amendment 14. *To the contrary, this court has repeatedly held that merely because a statute ultimately affects less than all of the state's territory does not necessarily render it local or special legislation.*
>
> Instead, *we have consistently held that an act of the General Assembly that applies to only a portion of this state is constitutional if the reason for limiting the act to one area is rationally related to the purposes of that act.*

*McCutchen, supra* (emphasis added) (citations omitted).

While there was argument between counsel whether a rational basis might or might not exist, neither party submitted affidavits or other evidence in support of their arguments. Benton County had the burden of showing that the act was not rationally related to achieving a legitimate objective of state government. *McCutchen, supra*. At oral argument, in response to a question whether there were cases to show when this burden shifted, Benton County indicated that it could not cite to any such case, and we know of none.

■ ■ Therefore, we hold that, under *Streight, supra* and *McCutchen, supra*, Benton County did not meet its burden of proving that the act was not rationally related to achieving a legitimate

governmental objective and that the trial court erred in granting summary judgment without requiring such proof.

For their second point on appeal, appellants argue that the trial court erred in finding as a matter of law that Act 219 was unconstitutional without making a finding whether the Act is rationally related to a legitimate governmental purpose. As previously discussed, we have held that an act of the General Assembly that applies to only a portion of this state is constitutional if the reason for limiting the act to one area is rationally related to the purposes of that act. *McCutchen, supra.* This point on appeal is complimentary to the point we have just considered, and is addressed by our earlier analysis.

We conclude that the trial court erred in granting Benton County's motion for summary judgment, and we reverse and remand.