BENTON COUNTY, Arkansas *v.* CITY of BENTONVILLE, City of Siloam Springs, City of Rogers, City of Pea Ridge, City of Centerton, City of Garfield, and City of Avoca

07-394                                                              284 S.W.3d 52

Supreme Court of Arkansas

Opinion delivered May 8, 2008

[Rehearing denied June 19, 2008.*]

---

* CORBIN, J., would grant rehearing.

*Robin Green*, Benton County Attorney, for appellant.

*Harrington, Miller, Neihouse & Kieklak, P.A.*, by: *Thomas N. Kieklak*, for appellees.

*Clark & Spence*, by: *George R. Spence*, for appellee City of Bentonville.

JIM HANNAH, Chief Justice. ■ Benton County, Arkansas, appeals an order of the Benton County Circuit Court granting summary judgment in favor of the cities of Bentonville and Siloam Springs and finding that Benton County failed to bear its burden of proving that Act 219 of 1963 cannot be rationally related to achieving a legitimate governmental purpose. Under this court's precedent, an act of the General Assembly will not be declared unconstitutional under Amendment 14 unless the party challenging the act proves that the act is not rationally related to a legitimate governmental interest. We affirm the circuit court's finding that Benton County failed to bear its burden of proof. This is the second appeal in this case. *See City of Siloam Springs v. Benton County*, 350 Ark. 152, 85 S.W.3d 504 (2002). Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1) and (7).

As in the first appeal, at issue is the constitutionality of Act 219 of 1963, an uncodified act that directs the Collector of Benton County to apportion to the cities of Rogers,[1] Bentonville, and Siloam Springs 90% of the road funds collected within the corporate limits of those cities. According to Act 219, the funds

---

[1] Act 219 of 1963 amended Act 174 of 1920. Act 174 directed the collector of Benton County to apportion to the City of Rogers 90% of the road funds collected within the corporate limits, and the City of Rogers is included in Act 219 of 1963 as a city that is to also receive 90% of road funds. The City of Rogers was dismissed from the action because its right to the 90% established in Act 174 predates the adoption of Amendment 14 in 1926. That decision was not appealed.

apportioned to the cities are "for the purpose of constructing and maintaining streets, alleys, bridges and culverts." Act 219, § 1. In *City of Siloam Springs, supra,* this court reversed summary judgment entered in favor of Benton County. In the summary judgment motion considered on the first appeal, Benton County had argued below pursuant to *City of Little Rock v. Campbell,* 223 Ark. 745, 268 S.W.2d 368 (1954) and *Street Improvement District Nos. 481 & 485 v. Hadfield,* 184 Ark. 598, 43 S.W.2d 62 (1931), and the circuit court found that Act 219 was special legislation invalid on its face under Amendment 14.

Amendment 14 provides that "[t]he General Assembly shall not pass any local or special act." This court held in *City of Siloam Springs,* 350 Ark. at 158, 85 S.W.3d at 508, that the circuit court erred in granting summary judgment in favor of Benton County because the County "as the party challenging the constitutionality of the act, had the burden of proving that Act 219 is unconstitutional" under the analysis set out in *Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983)[2] and *McCutchen v. Huckabee,* 328 Ark. 202, 943 S.W.2d 225 (1997). As discussed in these two cases, before an act may be declared unconstitutional special legislation under Amendment 14, the challenger of the legislation must show not only that it affects only a single portion of the state, but also that the "act was not rationally related to a legitimate governmental purpose." *City of Siloam Springs,* 350 Ark. at 158, 85 S.W.3d at 507.

---

[2] In *Streight v. Ragland,* 280 Ark. 206, 655 S.W.2d 459 (1983), this court adopted the rational basis test of the United States Supreme Court for challenges under Amendment 14 to the Arkansas Constitution. We stated as follows:

> [S]ince we have previously held that whether an act is "special" depends upon whether it "by force of an inherent limitation arbitrarily separates some person, place or thing from those upon which, but for such separation it would operate"; and since a determination of the arbitrary nature of an act is precisely the goal of the rational basis test, we have no hesitancy to find it applicable to any Amendment 14 analysis also.

*Streight,* 280 Ark. at 213, 655 S.W.2d at 463. We noted that under the rational basis test, "we must presume the legislation constitutional, i.e. that it is rationally related to achieving a legitimate governmental objective." *Id.* We further stated that this "presumption we indulge locates the burden of proof." *Streight,* 280 Ark. at 214, 655 S.W.2d at 464. "It imposes upon the party against whom it is directed the burden of proving the unconstitutionality of the legislation, i.e. that the act is *not* rationally related to achieving *any* legitimate objective of state government under any reasonably conceivable state of facts." *Id.*

Upon remand, Benton County again brought a motion for summary judgment. On this second motion, Benton County showed first that Act 219 only affects a portion of the state. It is clear that Act 219 applies only to the cities of Rogers, Bentonville, and Siloam Springs. Thus, Benton County showed that Act 219 is special local legislation. However, under the rational basis test, Benton County still had to overcome the presumption that the act is constitutional by proving that "the act is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." *City of Siloam Springs*, 350 Ark. at 158, 85 S.W.3d at 507 (quoting *Streight, supra*, 280 Ark. at 214, 655 S.W.2d at 464).

Benton County asserted in its motion that "there is no conceivable rational basis for Act 219's increase in the amount distributed of Road Tax to three specifically named cities in Benton County." In support of this assertion, Benton County relied on affidavits from officials of other cities in Benton County asserting that their present needs for the funds are as great or greater than that of the cities listed in Act 219. Evidence was also offered to show that Benton County itself desperately needs greater funding to meet its present obligations for roadways. Benton County offered further argument and evidence to show that there were other cities in Benton County that had needs that were not materially different than those cities given preferential treatment under Act 219. Benton County argued further as follows:

> Thus, even if Defendants could articulate a rational reason for receiving a greater allocation of Road Tax collections, there is no rational basis for denying the same benefits to cities within Benton County that share (or conceivably in the future could share) the same characteristics that justify the benefit. By specifically enumerating individual cities in lieu of a 'classification,' Act 219 is patently unconstitutional.

Benton County has thus put on evidence that other cities in Benton County are presently treated differently under Act 219 than Bentonville and Siloam Springs. But no evidence was offered to show that Bentonville and Siloam Springs were treated differently than other cities elsewhere in the state. In the prior appeal in *City of Siloam Springs, supra*, we noted that in the former motion, "no showing was made, by affidavit or otherwise, that these three cities, Rogers,

Bentonville, and Siloam Springs, were treated any differently than other similar cities in Benton County or elsewhere in the state." *City of Siloam Springs*, 350 Ark. at 159, 85 S.W.3d at 508.

The question presented on an Amendment 14 challenge is "whether the general assembly could have had a rational basis for making the classification." *Board of Trustees v. City of Little Rock*, 295 Ark. 585, 590, 750 S.W.2d 950, 953 (1988). The phrase "could have had" shows that this court looks to see whether the legislation violated Amendment 14 at the time the legislation was adopted. This is also apparent in *Boyd v. Weiss*, 333 Ark. 684, 695, 971 S.W.2d 237, 242–43 (1998), where this court found no merit in an argument that an act should be declared violative of Amendment 14 because "some disparate tax treatment affecting border cities might arise in the future." This court's discussion in *Foster v. Jefferson County*, 328 Ark. 223, 227, 944 S.W.2d 93, 95 (1997), is also instructive:

> There was evidence at trial that, prior to the passage of Act 181, residents of Jefferson County living outside Pine Bluff were paying part of the expenses of the Pine Bluff Municipal Court, yet they were not permitted to vote for the municipal judge there. A rational basis for Act 181 was to remedy this inequity.

Act 181 was found rationally related to a legitimate governmental interest existing at the time Act 181 was passed. Further, this court consistently stated in *City of Siloam Springs, supra*, that Benton County had to show that the "act was not rationally related to a legitimate governmental purpose." *City of Siloam Springs*, 350 Ark. at 158, 85 S.W.3d at 507. Use of the phrase "was not" means the question is whether the legislation violated Amendment 14 at the time it was passed. Thus, a challenger must prove that there was no rational relationship to a legitimate governmental purpose at the time the legislation was passed. No proof was offered to show that in 1963, Act 219 "was not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." *See Streight*, 280 Ark. at 214, 655 S.W.2d at 464. As the City of Bentonville notes, "The record is devoid of population figures for Benton County or any of the cities about roads and commercial activity there from the 1963 time period." There is also no evidence offered regarding Benton County or other cities in other counties in the 1963 time period.

■ We must presume Act 219 of 1963 is constitutional, or in other words, that it was related to a legitimate governmental interest when enacted. *City of Little Rock, supra; Streight, supra.* The presumption presented in this case is that in 1963 there was a rational basis for Act 219's requirement that the Collector of Benton County distribute 90% of road funds collected within the corporate limits of Rogers, Bentonville and Siloam Springs to those cities. That presumption has not been rebutted, and judgment in favor of the cities was proper.

Affirmed.

BROWN and IMBER, JJ., concur.

CORBIN, J., dissents.

ROBERT L. BROWN, Justice, concurring. While I agree that a classification has been shown by Benton County relating to the cities of Bentonville and Siloam Springs, Benton County had the burden of proving no legitimate rational basis existed for the classification when Act 219 was enacted in 1963. This was not done. In fact, both the county and the cities focused on the past nine years in their arguments, pro and con, about whether a rational basis existed for the classification.

It is not the job of this court to speculate about the circumstances in 1963 which might militate in favor of a conclusion that Act 219 was special or local legislation under Amendment 14. Nor is it our job to ascertain those circumstances and make the arguments for the parties.

Whether Act 219 violated Amendment 14 in 1963 remains an open question. For these reasons, I concur.

IMBER, J., joins this concurrence.

DONALD L. CORBIN, Justice, dissenting. This case presents a clear-cut issue of whether an act, which specifically applies to only three cities, violates Amendment 14 of the Arkansas Constitution. We have a well-settled standard for reviewing challenges to acts or statutes as violative of Amendment 14; nevertheless, it seems to me that the majority has stepped away from this precedent in its decision today. Although the majority acknowledges that Act 219 is special and local legislation because it applies only to the cities

of Bentonville, Rogers, and Siloam Springs, it is in the interpretation and application of our Amendment 14 rational-basis analysis where the majority goes astray. For that reason, I must respectfully dissent.

I do not dispute that constitutionality is presumed or that the party challenging the act or statute has the burden of showing that it is unconstitutional; however, the majority has erroneously held that "a challenger must prove that there was no rational relationship to a legitimate governmental purpose at the time the legislation was passed." In so holding, the majority has relied upon the standard enunciated in the first appeal, *City of Siloam Springs v. Benton County*, 350 Ark. 152, 85 S.W.3d 504 (2002). Although I adhere to the principles of stare decisis, I cannot stand by and blindly follow this case law, which I now have to admit is flawed because it erroneously interpreted our Amendment 14 jurisprudence. My review of this court's Amendment 14 jurisprudence reveals that when an act of the General Assembly applies to only a portion of the state, it is only constitutional if the reason for limiting the act to one area is *rationally related to the purposes of that act. See Wilson v. Weiss*, 368 Ark. 300, 245 S.W.3d 144 (2006); *Weiss v. Geisbauer*, 363 Ark. 508, 215 S.W.3d 628 (2005); *Boyd v. Weiss*, 333 Ark. 684, 971 S.W.2d 237 (1998); *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997); *Phillips v. Giddings*, 278 Ark. 368, 646 S.W.2d 1 (1983). Moreover, although there may be a legitimate purpose for passing the act, it is *the classification*, or the decision to apply the act to only one area of the state, *that must be rational. See McCutchen*, 328 Ark. 202, 943 S.W.2d 225; *Phillips*, 278 Ark. 368, 646 S.W.2d 1. Despite this precedence, as in *City of Siloam Springs*, the majority has centered its analysis on whether Act 219 was rationally related to a legitimate governmental objective under "any reasonably conceivable state of facts." This focus ignores that in a situation such as this, what we review is whether the decision to apply the act to only one area of the state was rational. *See Geisbauer*, 363 Ark. 508, 215 S.W.3d 628.

It is clear to me that there is no rational reason for this distinction. Here, the 90% apportionment to Bentonville, Rogers, and Siloam Springs was for the purpose of constructing and maintaining streets, alleys, bridges, and culverts in such cities. Without a doubt, there is a legitimate government objective in providing road tax revenues to help maintain roadways in this state. However, as Benton County has shown, there was not a rational basis for this "special treatment" because these three cities

are not materially different in needs and requirements than other cities.[1] It is true that Act 219 could have been adopted on any number of legitimate reasons, such as (1) the preferred cities are the three most populous cities in the county, (2) these three cities have more cars traveling their roads, and (3) these three cities have business and industry. But to be frank, I can think of many counties where these reasons could also have been advanced and where the three major cities in those counties also meet this criteria. So, why are the three most populous cities in Benton County apportioned more road tax revenue but not the three most populous cities in Pulaski County? What makes the presence of business and industry in Bentonville, Rogers, and Siloam Springs any different than the similar presence in Jacksonville, Little Rock, and North Little Rock? Quite simply, I cannot think of any reason rationally related to the purpose of Act 219, or any other legitimate purpose for that matter, for specifically singling out these three cities for the extra apportionment of revenue. Act 219 of 1963 arbitrarily singles out Bentonville, Rogers, and Siloam Springs for special treatment, and this is a clear violation of Amendment 14. For that reason, I would reverse and direct the circuit court to enter judgment on behalf of Benton County.

---

[1] In focusing on the lack of "1963 evidence" as a basis for its conclusion that Benton County failed to rebut the presumption of constitutionality, the majority ignores the context of the County's arguments and disregards established precedent that we have the power to hypothesize, as well as consider facts of which we may take judicial notice in our analysis. *See Wilson*, 368 Ark. 300, 245 S.W.3d 144; *McCutchen*, 328 Ark. 202, 943 S.W.2d 225.