The Honorable Donna Hutchinson State Representative 24 Rillington Drive Bella Vista, Arkansas 72714-3204
Dear Representative Hutchinson:
I am writing in response to your request for an opinion concerning a possible legislative remedy in connection with the relatively recent incorporation of Bella Vista. As background for your question, you state that several parcels of property were mistakenly included, and several were mistakenly excluded, in the incorporation process. You note that a 2007 Attorney General Opinion was issued to you with regard to the incorporation process. Op. Att'y Gen. 2007-170.[1] You then state:
 Other than annexation and detachment proceedings, the only other option would be a legislative remedy. My understanding is the basis for the current situation is some of the included and excluded landowners feel there was not sufficient notice given in regard to the incorporation, and these landowners would like to see a requirement of notice by certified mail be put into the statute. A statutory change could be adopted during the next legislative session but the change would be prospective only, i.e., it will only affect future incorporations and not the current situation. The only way the change could affect the current situation is if the statute was written so as to be retroactive, and I understand that to make a retroactive change of this sort might be problematic. *Page 2 
Against this backdrop, you ask:
 What is your opinion regarding retroactively changing the notice requirements of the incorporation statute that was used to incorporate Bella Vista, Arkansas?
RESPONSE
It is impossible to address this question in the abstract, without reference to any particular proposed legislation, and specifically without knowing precisely how the retroactive change in the notice requirements would affect the Bella Vista incorporation. You have stated that "some of the included and excluded landowners feel there was not sufficient notice given," which might suggest that the legislation would retroactively affect some portion of the area that was incorporated, perhaps by retroactively detaching or annexing particular property. Or, this might suggest that the legislation would require that actual notice be given, perhaps for the purpose of holding either another public hearing or another vote, to be given retroactive effect.[2] In any event, however, I cannot hypothesize about the legality of an unknown piece of legislation. I can only note the possible constitutional provisions that might come into play in connection with legislation of this nature.
Of primary concern, in my opinion, is Amendment 14 to the Arkansas Constitution, which prohibits the General Assembly from passing "any local or special act." The Arkansas Supreme Court has interpreted the terms "local" and "special," as used in Amendment 14, as follows:
 We have "differentiated that `special' legislation arbitrarily separates some person, place, or thing, while `local' legislation arbitrarily applies to one geographic division of the state to the exclusion of the rest of the state." McCutchen v. Huckabee, 328 Ark. 202, 208, 943 S.W.2d 225, 227 (citing Fayetteville Sch. Dist. No. 1 v. Arkansas State Bd. of Educ., 313 Ark. 1, 852 S.W.2d 122 (1993)). *Page 3 
 With regard to a challenge under Amendment 14, this court has also said:
 [T]his court has repeatedly held that merely because a statute ultimately affects less than all of the state's territory does not necessarily render it local or special legislation. Fayetteville, supra; City of Little Rock v. Waters, 303 Ark. 363, 797 S.W.2d 426 (1990).
 Instead, we have consistently held that an act of the General Assembly that applies to only a portion of this state is constitutional if the reason for limiting the act to one area is rationally related to the purposes of that act. Fayetteville, supra; Owen, supra; Board of Trustees v. City of Little Rock, 295 Ark. 585, 750 S.W.2d 950 (1988); Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983). Of particular interest, is Phillips v. Giddings, 278 Ark. 368, 646 S.W.2d 1 (1983), where we clarified that although there may be a legitimate purpose for passing the act, it is the classification, or the decision to apply that act to only one area of the state, that must be rational.
 McCutchen, 328 Ark. at 208-09, 943 S.W.2d at 227-28.
Wilson v. Weiss, 368 Ark. 300, 307-08, 245 S.W.3d 144 (2006), rev'd on direct appeal and aff'd on cross-appeal, Wilson v. Weiss, 370 Ark. 205, ___ S.W.3d ___ (2007).
As illustrated by these excerpts, the court has developed a "rational basis" standard for analyzing the question of whether legislation is impermissibly special or local under Ark. Const. amend. 14. See alsoArkansas Health Services Commission v. Regional Care Facilities,Inc., 351 Ark. 331, 339, 93 S.W.3d 672 (2002), citing Foster v.Jefferson County Bd. of Election Comm'rs, 328 Ark. 223. 944 S.W.2d 93
(1997) ("Although a law may be limited in effect only to a few classifications, it is not necessarily special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the law."). It bears reiterating in this regard that, in the words of the court, "although there may be a legitimate purpose for passing the act, it is the classification, or the decision to apply thatact to only *Page 4 one area of the state, that must be rational." McCutchen, supra,328 Ark. at 208-09 (emphasis added).
Other constitutional provisions potentially bearing on your question include the Arkansas and United States' privileges and immunities clauses and due process clauses (Ark. Const. art. 2, §§ 8, 18 and U.S. Const. amend. 14), and possibly the so-called "separation of powers" doctrine (Ark. Const. art. 4, §§ 1, 2). Regarding the latter doctrine, it has been stated that legislation can "neither overturn an interpretation already given by the courts, nor bind the latter, with respect to. . . transactions which occurred or rights of action which accrued prior to the passage of the declaratory act." 16 C.J.S. Constitutional Law
§ 116.[3]
I cannot speculate further regarding the possible application of any constitutional provisions to hypothetical retroactive legislation. A more thorough response would require reference to particular proposed legislation, and specifically in this instance, how the retroactive change in the notice requirements would affect the Bella Vista incorporation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Op. 2007-170 addressed the question of the alleged erroneous inclusion of a subdivision in the incorporated area. After reviewing the applicable incorporation procedure and possible remedies, I concluded that the statutory detachment proceeding was the only avenue of relief.Id. at 7.
[2] As you undoubtedly are aware, the statute currently requires three (3) weeks' published notice of the public hearing on an incorporation petition, A.C.A. § 14-38-115(d)(2)(A), and at least one (1) published notice of the election, id. at (g)(1)(D).
[3] Application of the separation of powers doctrine may depend upon whether the orders entered by the county judge under A.C.A. § 14-38-115
are judicial, as distinguished from executive, orders. See Op. Att'y Gen. 2007-170 at n. 3 (observing that "[i]t is unclear. . . whether the use of the term "county judge" in A.C.A. § 14-38-115 contemplates the "county court" entering the orders required at A.C.A. § 14-38-115(f)(1) and (h)(1)(B)(ii) in a judicial capacity, or whether the statute entails some type of executive orders issued by the county judge." (Emphasis original)). *Page 1