Jack FOSTER *v.* JEFFERSON COUNTY BOARD OF
ELECTION COMMISSIONERS, A Body Corporate; Don A.
Eilbott, Chairman of the Jefferson County Board of Election
Commissioners, In His Individual and Official Capacity; Ruth
Parette, In Her Individual and Official Capacity; City of Pine
Bluff, A Municipal Corporation; and Steve Dalrymple, In His
Official Capacity as Judge of the Municipal Court of Pine Bluff

96-332 944 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Bowden Law Firm*, by: *David O. Bowden*, for appellant.

*Joe Childers*, Pine Bluff Ass't City Att'y, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. The subject of this appeal is Act 181 of 1955. Section 1 of the Act provides as follows:

> From and after the passage of this Act, the office of Municipal Judge in any Municipal Court in counties having a population of not more than 76,100 nor less than 76,000 according to the 1950 Federal census, shall be voted upon by the qualified electors of the entire county in which such Municipal Court is located.

On May 12, 1994, appellant Jack Foster, a resident of the city of Pine Bluff, brought an action for injunctive and declaratory relief against appellee Jefferson County Board of Election Commissioners and others, claiming that Act 181 of 1955 was unconstitutional and that only qualified voters living within the corporate limits of Pine Bluff should be permitted to vote for municipal judge. He further alleged that the expenditures of tax monies on the upcoming 1994 election constituted an illegal exaction. Specifically, Foster complained that, because the only county within Arkansas having a population between 76,000 and 76,100 according to the 1950 census was Jefferson County, the Act constituted local and special legislation in violation of Amendment 14 to the Arkansas Constitution, which prohibits the General Assembly from passing any local or special act. Following a trial, the chancellor concluded that Act 181 was neither local nor special legislation. We affirm.

### 1. *Special legislation*

It is an undisputed fact that Act 181 can only apply to Jefferson County. However, this fact alone is not dispositive of whether the Act is violative of Amendment 14. A legislative act is special if, by some inherent limitation or classification, it arbitrarily separates some person, place, or thing from those upon which, but for separation, it would operate. *Owen v. Dalton*, 296 Ark. 351,

757 S.W.2d 921 (1988); *Board of Trustees v. City of Little Rock*, 295 Ark. 585, 750 S.W.2d 950 (1988). An act is local if it applies to any division or subdivision of the state less than the whole. *Id.* Nevertheless, the fact that a statute affects less than all of the state's population does not necessarily render it local or special. *City of Little Rock v. Waters*, 303 Ark. 363, 797 S.W.2d 426 (1990). Although a law may be limited in effect to only a few classifications, it is not necessarily special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the law. *Thomas v. Foust*, 245 Ark. 948, 435 S.W.2d 793 (1969).

We must presume legislation is constitutional and rationally related to a legitimate governmental objective. *Villines v. Tucker*, 324 Ark. 13, 918 S.W.2d 153 (1996). This presumption places the burden of proof on the party challenging the legislation to prove its unconstitutionality. *Fayetteville Sch. Dist. v. Arkansas Bd. of Educ.*, 313 Ark. 1, 852 S.W.2d 122 (1993). All doubts will be resolved in favor of an act's constitutionality if it is possible to do so. *Davis v. Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980).

The chancellor ruled that Act 181 was not violative of Amendment 14 because it related to the administration of justice and because it was motivated by a nondiscriminatory purpose — to give all electors in Jefferson County an opportunity to vote on the municipal judge. In *Littleton v. Blanton*, 281 Ark. 395, 665 S.W.2d 239 (1984), we articulated the following test for determining whether statutes relating to the administration of justice are local or special legislation:

> We will continue to hold that statutes designed to meet the judicial needs of an area on a non-discriminatory basis are a part of a judicial system for the entire state and are not local or special within the meaning of Amendment 14, even though such statutes may apply only to individual counties, judicial districts or divisions within districts. . . . The limited application of the statute must be non-discriminatory and bear a reasonable relation to the subject matter of the legislation.

*Id.* at 406; *see also Villines*, 324 Ark. at 19. In providing for a statewide judicial system, the legislature should strive to create a system that is as uniform as practical. *Littleton*, 281 Ark. at 405;

*Villines*, 324 Ark. at 18. Applying the test in *Littleton* to the facts in the present case, the appellant had the burden of proving that the limited application of Act 181 bore no reasonable relation to the purpose of the legislation. There was evidence at trial that, prior to the passage of Act 181, residents of Jefferson County living outside Pine Bluff were paying part of the expenses of the Pine Bluff Municipal Court, yet they were not permitted to vote for the municipal judge there. A rational basis for Act 181 was to remedy this inequity. Appellant did not offer any proof at trial to show that there was a contrary purpose behind Act 181. Nor did he offer proof that, in 1955, other counties in the state had a similar situation to Jefferson County's, where residents lived outside the municipality, paid part of the expenses for the municipal court, and were precluded from voting for the municipal judge. Thus, we must conclude that the application of Act 181 to Jefferson County bore a reasonable relation to its purpose — to allow those Jefferson County residents whose taxes helped fund the Pine Bluff Municipal Court the opportunity to vote and thus be represented in the election for municipal judge.

■ Appellant must also show that the limited application of Act 181 to Jefferson County was discriminatory. In the argument section of his brief, appellant complains that the announced purpose of the Act could have applied to Pulaski County. However, he simply offered no proof at trial that Pulaski County or any other county had residents whose tax dollars were funding the municipal courts but were unable to vote, nor did he demonstrate that Act 181 provided an alternate procedure for selecting municipal judges in this state.[1] Because appellant has failed to satisfy both prongs of the *Littleton* test, we decline to hold that Act 181 is unconstitutional.

---

[1] While Act 181 effectively provides for the mandatory countywide election of the Pine Bluff Municipal Judge, we note that, pursuant to Ark. Code Ann. § 16-17-120(a) (Repl. 1994), any city may pass an ordinance providing that their municipal judge be elected by the electors of the entire county.

## 2. Arkansas Civil Rights Act of 1993

■ ■ Appellant's second point is that Act 181 violates the Arkansas Civil Rights Act of 1993, codified at Ark. Code Ann. §§ 16-123-101 to -108 (Supp. 1995). However, upon our review of the abstract and record, we find no ruling on this issue. It was appellant's burden to obtain a ruling from the chancellor, and the absence of such a ruling constituted a waiver of this issue on appeal. *Southern Farm Bureau Cas. Ins. v. Allen,* 326 Ark. 1023, 934 S.W.2d 527 (1996). Moreover, we observe that appellant did not develop this issue below by demonstrating proof of a racial motive behind Act 181, or by offering evidence that, as a result of the Act, there was a disparate impact upon minority voters. To the contrary, in his brief, he stated that "[o]ne can only speculate that in 1955 the changing patterns of racial composition within rural Arkansas may have contributed to the desire to have those in rural Jefferson County elect the municipal judge in Pine Bluff." In short, mere speculation does not equate to proof of racial motive or disparate impact. Consequently, we must affirm the decision of the chancellor.

Affirmed.