William BENTON *v.* The Honorable Jim GUNTER,
Circuit Judge on Assignment; Janice Roberts
and Jerry Riley; Helen McClinton Bradley,
County and Probate Clerk for Jefferson
County; and Jefferson County Board of
Election Commissioners

00-1156                                    29 S.W.3d 719

Supreme Court of Arkansas
Opinion delivered November 6, 2000

*Evans Benton, P.A.*, by: *Evans Benton*; and *John W. Cone*, for appellant.

*J. Slocum Pickell*, for appellees.

WH. "DUB" ARNOLD, Chief Justice.   Appellant William
Benton filed the instant appeal challenging the Jefferson
County Circuit Court's determination that he was ineligible to be a

candidate for the position of Second Division Pine Bluff Municipal Court Judge. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(4) (2000). On September 28, 2000, appellees Janice Roberts and Jerry Riley, residents of Pine Bluff, filed a complaint and petition for writ of mandamus and declaratory judgment, urging the trial court to disqualify Benton as a candidate because he failed to satisfy the constitutional requirements for that office. Specifically, appellees complained that he was not qualified to run because he was not a qualified elector of the City of Pine Bluff.

The trial court agreed and found that Benton was not a "qualified elector" of the City of Pine Bluff pursuant to Ark. Const., Art. 19, sec. 3, and Ark. Code Ann. section 16-17-108 (dddd)(2)(A). Benton is a resident of White Hall, located in Jefferson County, Arkansas. Accordingly, the court ordered that Benton's name be removed from the ballot as a nominee for the second-division municipal judge's race, that he not be certified or declared eligible as a candidate in the general election, and that any votes cast for him not be counted or certified to the appropriate election officials. Additionally, the court ruled that no certificate of election be issued to Benton.

On appeal, Benton maintains that he is a qualified elector because his residence in Jefferson County subjects him to the Pine Bluff Municipal Court's jurisdiction. In light of the pending election on November 7, 2000, this court granted a stay of the trial court's judgment and appellant's petition for an accelerated appeal per Ark. R. Sup. Ct. 6-1(b) (2000). The sole point on appeal questions whether residency in Pine Bluff is required to be eligible as a candidate for the position of municipal judge for the *Second Division* of the Pine Bluff Municipal Court. Recognizing that the legislature has created a disparity between election procedures for the two divisions of the Pine Bluff Municipal Court[1], we must conclude that residency in Pine Bluff is required for the position of second-division municipal judge. Therefore, we affirm the trial court's order removing Benton from the ballot.

---

[1] See our decision in *Foster v. Jefferson County Bd. of Election Comm'rs.*, 328 Ark. 223, 944 S.W.2d 93 (1997), where we upheld county-wide election for Pine Bluff's first municipal-judge position. We acknowledged that a county-wide election remedied the inequity caused by denying county residents, whose taxes fund the Pine Bluff Municipal Court, the opportunity to vote and be represented in the election for municipal judge. *Foster*, 328 Ark. at 227, 944 S.W.2d at 95.

## *I. Motion to strike*

█ As a preliminary matter, we consider appellant's motion to strike a portion of appellees' brief addressing the merits of the trial court's rulings regarding the remaining candidate on the ballot, Waymond Brown. Although appellees have briefed the issue of Brown's eligibility and have argued in support of the trial court's findings, we need not consider these arguments on appeal. Appellant Benton advances no argument on the issue of Brown's eligibility and presents no basis for removing Brown from the ballot. Accordingly, we grant the motion to strike.

## *II. "Qualified elector" requirement*

The primary issue before us is whether appellant Benton is ineligible to run for the Second Division Pine Bluff Municipal Judge seat because he is not a resident of Pine Bluff. Ark. Const., Art. 19, sec. 3, entitled "Elected or appointed officers — Qualifications of an elector required" provides that:

> No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the *qualifications of an elector.*

(Emphasis added.) Further, Ark. Code Ann. section 16-17-108(dddd)(2)(A) states, in part, that:

> The *qualified electors of the city of Pine Bluff* shall elect in addition to the presently elected municipal judge an additional municipal judge for the *Second Division* of the Pine Bluff Municipal Court.

(Emphasis added.)

We must examine current statutory enactments to guide us in interpreting the constitutional requirement in the instant case. The two relevant statutes are Ark. Code Ann. sections 16-17-108(dddd)(2)(A) and 16-17-120, both amended in 1999. Clearly conflicting with the former statute, section 16-17-120(a) provides that municipal judges shall be elected by the electors of the entire county and section 16-17-120(b)(2) states that:

> Any candidate for municipal court judge shall meet all requirements now set by law, but *residency in the municipality shall no longer be a requirement.*

(Emphasis added.) Although the legislature expressed a general intent to abandon the city-residency requirement for municipal-court-judge candidates and electors, section 16-17-120 is a general statute. On the other hand, section 16-17-108(dddd)(2)(A) is a specific statute addressing the unique election requirements established by the legislature for the second-division Pine Bluff municipal-judge position.

■ ■ We have long held that a general statute must yield when there is a specific statute involving the particular subject matter. *Shelton v. Fiser,* 340 Ark. 89, 94, 8 S.W.3d 557, 560 (citing *Board of Trustees v. Stodola,* 328 Ark. 194, 942 S.W.2d 255 (1997); *Donoho v. Donoho,* 318 Ark. 637, 887 S.W.2d 290 (1994); *Conway Corp. v. Construction Eng'rs, Inc.,* 300 Ark. 225, 782 S.W.2d 36 (1989)). This principle governs the issue before us and compels us to affirm the trial court's order determining that residency in the City of Pine Bluff is required to be eligible as a nominee for Pine Bluff second-division municipal judge. Pursuant to Ark. Code Ann. section 16-17-108(dddd)(2)(A) (Repl. 1999), we affirm the trial court's order removing appellant's name from the ballot.

Affirmed.

GLAZE, J., concurs.

THORNTON, J., dissents.

TOM GLAZE, Justice, concurring. I concur. In pertinent part, Art. 19, § 3, provides that "no person shall be elected to fill a vacancy in any office who does not possess the qualifications of an elector." In interpreting Ark. Const. art. 19, § 3, the court has held that the person (elector) to be elected shall be *a resident in the political subdivision* to be served by the elected official. (Emphasis added.) *Davis v. Holt,* 304 Ark. 619, 804 S.W.2d 362 (1991). Furthermore, when confronted with the issue of whether a municipal court vacancy filled by a countywide election is a county or municipal office (political subdivision), this court held it was a municipal, not county, office. *Oliver v. Simons,* 318 Ark. 402, 885 S.W.2d 859 (1994); *see also Beshear v. Clark,* 292 Ark. 47, 728

S.W.2d 165 (1987) (the office of municipal judge is a municipal office).

From the above, whether a person who is running to fill a municipal court vacancy must be a qualified elector of the municipality is a constitutional issue, not just a statutory one. Any statute that conflicts with our constitution is a nullity. In short, this court has held that, under the Arkansas Constitution, a person must be a resident of the municipality if he or she is to be elected to a vacancy in an office in that municipality.[1] Because the appellant William Benton admits he is not a domiciliary or resident of Pine Bluff, the trial court decision must be affirmed, and Benton's name should be removed from the ballot. If the ballots have already been cast in the race, they should not be counted or certified.

RAY THORNTON, Justice, dissenting. I respectfully dissent from the majority's holding that, notwithstanding the latest legislative enactment establishing the requirements to run for the office, William Benton of Jefferson County cannot run for a position on the municipal court exercising jurisdiction over Jefferson County.

The latest legislative enactment states: "Any candidate for municipal court judge shall meet all requirements now set by law, but *residency in the municipality shall no longer be a requirement.*" Ark. Code Ann. § 16-17-120(b)(2) (Repl. 1999) (emphasis added). The majority concludes that this statute, being general, cannot override the provisions of an earlier statute, Ark. Code Ann. § 16-17-108(dddd)(2)(A) (Repl. 1999) that states in part:

> The qualified electors of the city of Pine Bluff *shall elect in addition to the presently elected municipal judge* an *additional* municipal judge for the Second Division of the Pine Bluff Municipal Court.

---

[1] The appellant relies on language in *Davis* where this court said that the Arkansas Constitution requires a residence in the political subdivision to be "served" by the elected office. He suggests that since the Pine Bluff Municipal Court serves the county, he can be a resident of the county and still comply with art. 19, § 3. As already discussed, this court has interpreted the Arkansas Constitution to say the person must be a resident of the political subdivision (here municipality). Nowhere in the Arkansas Constitution can I find any language that permits a person to be a nonresident of the political subdivision to which he or she seeks to be elected, or permits the person to reside outside that political subdivision or office, even though that office may also incidentally benefit or serve electors outside that subdivision's boundaries.

*Id.*(emphasis added).

We have recently determined who are the qualified electors for the Pine Bluff Municipal Judge. In *Foster v. Jefferson County Bd. of Election Comm'rs.*, 328 Ark. 223, 944 S.W.2d 93 (1997), we upheld countywide elections for the judge of the Pine Bluff Municipal Court, based upon a legislative enactment which stated in pertinent part:

> The office of Municipal Judge in any Municipal Court . . . [in Jefferson County] . . . shall be voted upon by the qualified electors of the entire county . . . [.]

Act 181 of 1955. This decision remains in effect until and unless this court reverses *Foster, supra.*

I believe that any person qualified as an elector for Pine Bluff Municipal Judge should not be barred as a candidate for that office. The reasoning of *Foster, supra*, that county residents should have the right to vote for a judicial position, supported in part by county-wide taxes remains valid and reflects sound principles of public policy. Those principles have been reflected by the latest act of the legislature declaring specifically that residency in the city of Pine Bluff is not required to seek office as judge of this municipal court.

I respectfully dissent.