The Honorable Chaney Taylor State Representative P.O. Box 2721 Batesville, Arkansas 72501
Dear Representative Taylor:
I am writing in response to your request for an opinion on several questions concerning the filling of vacancies in the office of municipal or "district" court judge. Specifically, you seek clarification on several questions arising in light of Opinion 2001-259, which I recently issued to Governor Huckabee. In that Opinion, I concluded that a person appointed to fill a vacancy in the office of district judge is not now eligible to run for the office or "succeed" himself after the appointed term expires. I concluded that under newly adopted Amendment 80 to the Arkansas Constitution, as well as Act 1693 of 2001, vacancies occurring in district court judgeships should now be filled pursuant to Amendment29 of the Arkansas Constitution, along with its attendant restriction against an appointee succeeding himself in office. As I stated in Opinion2001-259, this was the clear intention of Act 1693 of 2001. I also concluded that Amendment 80 compelled the same conclusion because, although it states only that vacancies in such offices are to be "filled as provided in this Constitution," Amendment 29 to the Arkansas Constitution is the only provision "in this Constitution" that could apply.
Your questions, however, appear to focus on the length of the term the appointee to a district court judgeship should serve. In this regard, your question involves the clash of a separate provision of Amendment 80 and another provision of Amendment 29, the part that governs how long a person appointed to fill a vacancy should serve. Amendment 29, in Section 4 provides that:
 The appointee shall serve during the entire unexpired term in the office in which the vacancy occurs if such office would in regular course be filled at the next General Election if no vacancy had occurred. If such office would not in regular course be filled at such next general election the vacancy shall be filled as follows: At the next General Election, if the vacancy occurs four months or more prior thereto, and at the second General Election after the vacancy occurs if the vacancy occurs less than four months before the next General Election after it occurs. The person so elected shall take office on the 1st day of January following his election.
I stated in Opinion 2001-259, in footnote 2, that this section of Amendment 29 "has in all likelihood been superseded as to district judgesby the more particular provisions of Amendment 80, § 19 (A)(3), whichstates that persons appointed to fill vacancies in district judgeshipsshall serve until December 31, 2004." (Emphasis added). I quoted Amendment 80, § 19 (A)(3) in footnote 1 of Opinion 2001-259, as follows:"Municipal Court Judges in office at the time this Amendment takes effectshall continue in office through December 31, 2004; provided, if avacancy occurs in an office of Municipal Judge, that vacancy shall befilled for a term which shall end December 31, 2004." (Emphasis added).
You take issue with my statement in footnote 1 of Opinion 2001-259 that Amendment 80, § 19 (A)(3) applies to "district" judgeship appointees such that their terms extend until December 31, 2004. You state instead that Amendment 80, § 19 (A)(3) only applies to "municipal judge" appointees and not to "district judge" appointees. You therefore pose the following questions:
 1. Did all Municipal Judges become District Judges on July 1, 2001 pursuant to Amendment 80 and Act 1693?
 2. If the answer is "no," then why would any Municipal Judge be subject to Amendment 29?
 3. If the answer is yes, then why would all parts of Amendment 29 not apply, including the length of service of an appointee, since Amendment 80, § 19 (A)(3) states vacancies in the office of Municipal (not District) Judge shall be filled for a term ending 12-31-2004?
4. What is the length of a term for an appointed District Judge?
RESPONSE
In my opinion the answer to your first question is "yes." The answer to your second question is therefore moot. The answer to your third question is that Amendment 80, § 19 (A)(3) is the more specific provision as todistrict judge appointees. In my opinion, the words "municipal judge" must be read interchangeably with the words "district judge" for purposes of this provision. Any assertion to the contrary renders the provision meaningless and is an exercise in sophistry. The answer to your fourth question is that a person appointed to fill a vacancy in a district judgeship serves until December 31, 2004.
Question 1 — Did all Municipal Judges become District Judges on July 1,2001 pursuant to Amendment 80 and Act 1693?
The answer to this question could not be clearer under Act 1693 of 2001. Section 1(a) of that act states that "All municipal courts now in existence shall be known as district courts and all judges of the former courts will be know as district judges." The effective date of this Act was July 1, 2001. Acts 2001, No. 1693, § 3.
The provisions of Amendment 80 are not as clear on the point. In my opinion, however, Amendment 80 also leads to the conclusion that municipal judges became "district" judges on July 1, 2001. Section 7(A) of Amendment 80 states that "District Courts are established as the trial courts of limited jurisdiction. . . ." (Emphasis added). This provision was effective July 1, 2001. In addition, although subsection (A)(3) of Section 19 of Amendment 80 (the provision on which you focus), still refers to "municipal judges," other subsections of that same Section appear to refer to "district judges" and "district courts" in the present tense. See Amendment 80, § 19 (B)(2) and (C).
In addition, the Arkansas Supreme Court has apparently recognized the legitimacy of Act 1693 of 2001 on this point, as it amended Rule 1 of the Inferior Court Rules to change the reference to "municipal courts" to "districts courts." See In Re Implementation of Amendment 80: Amendmentsto Rules of Civil Procedure and Inferior Court Rules, Addition to Reporter's Notes, Rule 1 (May 24, 2001), effective July 1, 2001. It is therefore my opinion that the answer to your first question is "yes."
Question 2 — If the answer is "no," then why would any MunicipalJudge be subject to Amendment 29?
In light of my response to your first question, an answer to this question is unnecessary.
Question 3 — If the answer is yes, then why would all parts of Amendment29 not apply, including the length of service of an appointee, sinceAmendment 80, § 19 (A)(3) states vacancies in the office of Municipal(not District) Judge shall be filled for a term ending 12-31-2004?
It is clear, in my opinion, as I stated in Opinion 2001-259, that § 19 (A)(3) of Amendment 80 controls the term of service of a person appointed to fill a vacancy in a district judgeship. That person serves until December 31, 2004.
Again, that provision first states that: "Municipal Court Judges in office at the time this Amendment takes effect shall continue in office through December 31, 2004." Clearly, the term "Municipal Court Judges" was used in this sentence because the judges "in office at the time thisAmendment takes effect" would have been municipal judges. This portion of the provision looks backward and is referring to the judges holding office immediately before the Amendment took effect. Those judges were of course "municipal judges" at that time. The balance of subsection (A)(3) merely repeats the same terminology in stating that "if a vacancy occurs in an office of a Municipal Judge, that vacancy shall be filled for a term which shall end December 31, 2004." This clause was effective July 1, 2001. It looks forward, rather than backward, to vacancies occurring after July 1, 2001 and sets the term of service for those appointees.
Any attempt to construe this provision as inapplicable to filling vacancies in "district" court judgeships occurring after July 1, 2001 would render it meaningless. If all municipal judges became "district judges" on July 1, 2001, then to what vacancies does this portion of § 19, (A)(3) apply? It also became effective July 1, 2001. The same rules of construction and interpretation apply to both constitutional provisions and statutes. Gazaway v. Greene County Equalization Bd.,314 Ark. 569, 864 S.W.2d 233 (1993). The Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v.Witty, 336 Ark. 479, 484, 987 S.W.2d 257(1999); Lawhon Farm Servs. v.Brown, 335 Ark. 272, 948 S.W.2d 1 (1998); Citizens To Establish A ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. FleetMortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent DisabilityTrust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). Constitutional provisions are similarly construed. Gazaway v. GreeneCounty, supra. Section 19 (A)(3) of Amendment 80 will thus not be construed as superfluous.
In addition, it is axiomatic that where two provisions are in conflict, the more specific one controls. A general provision must yield when there is a specific statute involving the particular matter. See Ozark GasPipeline Corp. v. Arkansas Public Service Commission, 342 Ark. 591,29 S.W.3d 730 (2000); Benton v. Gunter, 342 Ark. 543, 29 S.W.3d 719 (2000); and Shelton v. Fiser, 340 Ark. 89, 8 S.W.3d 557 (2000). In my opinion therefore, Amendment 80, § 19 (A)(3) clearly controls over the more general provisions of Amendment 29, § 4.
Any attempt to argue that the provisions of Amendment 80, § 19 (A)(3) are inapplicable to "district judges" based upon the terminology used is in my opinion sophistry.
Question 4 — What is the length of a term for an appointed DistrictJudge?
He or she serves until December 31, 2004 pursuant to Amendment 80, § 19(A)(3).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh