The Honorable Susan Schulte State Representative 18 Sunbeam Circle Cabot, AR 72023
Dear Representative Schulte:
I am writing in response to your request for my opinion on two questions arising from the following factual background:
 The City of Cabot, a city of the first class, established a park commission under the authority of Ark. Code Ann. § 14-269-201 et seq.
The ordinance establishing the commission exercises authority found at Ark. Code Ann. § 14-269-202(e)(1) to expand the commission from five (5) to seven (7) members and states that the additional members need not be qualified electors of the municipality.
 One member of the park commission is not a qualified elector of the municipality; in fact, the member is not a qualified elector of the state of Arkansas. The member is in active duty service of the United States military residing in Cabot but declaring an "official" residence in another state where the member is also registered to vote.
These circumstances have prompted you to pose the following questions:
 1. Are the two members of a city park commission who are not required to be qualified electors of the city under Ark. Code Ann. § 14-269-202(e)(1) required to be qualified electors of the state?
 2. If your answer to the question above were yes, would your answer change as it relates to persons in active duty service of the United States military?
RESPONSE
With respect to your first question, I believe the provision of A.C.A. §14-269-202(e)(1) purporting to authorize a city recreation commissioner to reside outside the city violates Ark. Const. art. 19, § 3, which provides that no individual may be elected or appointed to an office "who does not possess the qualifications of an elector." In light of this response, your second question is moot.
Question 1: Are the two members of a city park commission who are notrequired to be qualified electors of the city under Ark. Code Ann. §14-269-202(c)(1) required to be qualified electors of the state?
Section 14-269-202 of the Code (Repl. 1998) provides in pertinent part:
 (a) Any city of the first or second class desiring to avail itself of the benefits of this subchapter, by a majority vote of the elected and qualified members of the city council, may enact an ordinance creating a recreation commission to be composed of five (5) citizens who are qualified electors of the municipality and, by affirmative vote of three-fourths (3/4) of the elected and qualified members of the city council, may repeal the ordinance creating the commission.
* * *
 (e)(1) Any city of the first or second class which has previously created or which may create a city recreation commission, as authorized in this subchapter, is authorized, by ordinance of the governing body of the city, to increase the membership of the commission from five (5) members to seven (7) members. The ordinance enlarging the commission may provide that the two (2) additional members of the commission are not required to be qualified electors of the municipality.
As the Arkansas Supreme Court noted in Mississippi River TransmissionCorp. v. Weiss, 347 Ark. 543, 550, 65 S.W.3d 867 (2002):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Raley v. Wagner, 346 Ark. 234, 57 S.W.3d 683 (2001); Dunklin v. Ramsay, 328 Ark. 263, 944 S.W.2d 76 (1997).
The statute just recited is unambiguous in declaring that if a city elects to increase the membership of its recreation commission from five to seven, the additional two members need not be qualified electors of the city. The statute contains no qualifier mandating that the two additional members must be qualified electors of the state. Accordingly, unless some constitutional mandate were to dictate otherwise, I believe the answer to your question would be "no."
In assessing the constitutionality of A.C.A. § 14-269-202(e)(1), I am guided by the following:
 Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); ACW, Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997). If it is possible to construe a statute as constitutional, we must do so. Jones v. State, 333 Ark. 208, 969 S.W.2d 618 (1998). In construing a statute, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. McLeod v. Santa Fe Trail Transp. Co., 205 Ark. 225, 168 S.W.2d 413
(1943). We must also give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993).
Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001). Moreover, the legislature has the absolute power to legislate, unless prohibited from doing so by the constitution, either expressly or by necessary implication. Black v. Cockrill, 239 Ark. 367, 369, 389 S.W.2d 881
(1965). However, notwithstanding the foregoing, it is well established that constitutional provisions, including amendments, take precedence over any law passed by the legislature. Gravett v. Villines,314 Ark. 320, 326, 862 S.W.2d 260 (1993).
Notwithstanding the applicable presumption of constitutionality, I do not believe A.C.A. § 14-269-202(e)(1) could withstand a constitutional challenge based upon Ark. Const. art. 19, § 3, which provides:
 No person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been held to apply to city officers, Thomas v.Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948), and has been interpreted to require residence in the "political subdivision" to be served by the elected official. Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991).
At issue initially is whether a city recreation commissioner holds an "office" in the sense that term is used in article 9, § 13. I believe a court would in all likelihood answer this question in the affirmative. As noted in Ark. Op. Att'y Gen. No. 98-029:
 There is a good deal of Arkansas law describing the characteristics of an "office." For example, in Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952), it was stated as follows:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive.
Id.
It has been stated that sovereign powers are a necessary requisite of a public office. Bean v. Humphrey, 223 Ark. 118, 264 S.W.2d 607 (1954). The sovereign authority which the officer is entitled to exercise will determine whether it is an office under the municipal, county, state or federal government.
Although the Code does not require recreation commissioners to take an oath, it does define the commissioners' tenure of office, A.C.A. §14-269-202, assign their duties, which involve the exercise of sovereign powers to plan, construct and maintain public recreational facilities, A.C.A. § 14-269-203, impose a bond requirement, A.C.A. §14-269-205(c)(1), and address the issue of salary by denying any, A.C.A. § 14-269-205(d)(1). Under these circumstances, I believe commissioners qualify as "officers" for purposes of applying article 19, § 3. CompareBenton v. Gunter, 342 Ark. 543, 29 S.W.3d 719 (2000) (declaring municipal judge a city officer); Davis v. Holt, (school board member an officer);Brown v. Anderson, 202 Ark. 970, 198 S.W.2d 188 (1946) (notary public an officer); Trussell v. Fish, 202 Ark. 956, 154 S.W.2d 587 (1941) (deputy assessor an officer); Ark. Ops. Att'y Gen. Nos. 95-296 (municipal advertising and promotion commissioner an officer); 93-095 (sewer commissioner a city officer); 92-045 (sanitation authority director an officer); 98-029 (unclear whether cooperative board member an officer where it is "created by law, but its duties, tenure and emoluments are not exhaustively enumerated").
In Ark. Op. Att'y Gen. No. 98-041, my predecessor addressed as follows the issue of whether Ark. Const. art. 19, § 3 should be read as applying to purely appointive offices:
 It may be argued . . . whether this provision has applicability to appointive, rather than elective offices. It clearly applies to persons holding elective offices (i.e., those" elected"), and also to persons "appointed to fill a vacancy." If an office is always appointive, and not regularly elected . . . it could be argued that such a person is neither" elected" nor "appointed to fill a vacancy" for purposes of this provision; and as such the "qualified elector" requirement, which includes residence, does not attach. [Footnote omitted]. The issue of art. 19, § 3's applicability to appointive offices is addressed by the Arkansas Supreme Court decision of Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948) in which the court appears to apply this provision to an appointed nonresident marshal in a second class city. The court also held that the nonresident marshal should have been elected rather than appointed, and it is unclear on which of these bases the court ruled him ineligible for service. In addition, the Arkansas Supreme Court has stated that an appointed city manager must, pursuant to art. 19, § 3, be a resident of the city at the time of his appointment. McClendon v. Board of Health, 141 Ark. 114, 216 S.W. 289 (1919). See also Ops. Att'y Gen. 95-296; 93-095; 92-045; 91-383; and 91-283 (applying art. 19, § 3 to appointive city offices).
Based on this analysis, my predecessor concluded that the "qualified elector" requirement applies to an appointed city treasurer. Compare
Ark. Op. Att'y Gen. No. 91-383 ("appointed members of city commissions, if city `officers,' are required to be qualified electors of the city"). Notwithstanding the uncertainty for the basis of the ruling in Sitton, inMcClendon, the court unequivocally declared that an appointed city manager was an officer subject to the residency requirements of article 19, § 3. Accordingly, I believe the requirement likewise applies to an appointed recreation commissioner.
Question 2: If your answer to the question above were yes, would youranswer change as it relates to persons in active duty service of theUnited States military?
This question is moot in light of my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh