The Honorable Jimmy Jeffress State Senator Post Office Box 1695 Crossett, Arkansas 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following question:
 Are Michael Ranft and William Pettis legally serving on the Arkansas Board of Acupuncture and Related Techniques, since neither has ever been confirmed by the Arkansas Senate as required by Ark. Code 10-2-113?
RESPONSE
In my opinion the answer to this question is "yes." The relevant statute with regard to members of the board in question is A.C.A. § 17-102-201
and it only requires Senate confirmation of the "public" members of the Board. Because the two individual board members you mention are not" public" members of the board, their appointments are, by negative implication, not subject to confirmation by the Senate. In my opinion, the specific expression of legislative intent in A.C.A. § 17-102-201
controls over the more general confirmation requirement of A.C.A. §10-2-113.
The Board is created at A.C.A. § 17-102-201, which provides in pertinent part as follows:
 (a)(1) There is created the Arkansas State Board of Acupuncture and Related Techniques. The board shall consist of five (5) persons appointed by the Governor as full members and one (1) person appointed by the Governor as an ex officio member.
 (2) Three (3) full members of the board shall be qualified acupuncturists.
 (3)(A) Two (2) full members shall be appointed to represent the public and shall not have practiced acupuncture and related techniques in this or any other jurisdiction, nor be retired from or have any financial interest in the occupation regulated.
(B) The public members shall be subject to confirmation by the Senate.
 (C) The public members shall be full voting members but shall not participate in the grading of examinations.
 (4)(A) The ex officio member shall be a physician licensed pursuant to the Arkansas Medical Practices Act, § 17-95-201—17-95-207, 17-95-301—17-95-305, and 17-95-401—17-95-411, and shall be entitled to be notified of all board meetings and to participate in the deliberations of the board.
 (B) However, the ex officio member shall have no vote, shall not serve as an officer of the board, and shall not be counted to establish a quorum or a majority necessary to conduct business. . . .
A.C.A. § 17-102-201(a) (emphasis added).
The statute above clearly requires the "public" members of the board to undergo confirmation by the Arkansas Senate. In my opinion, this express requirement for the "public" members," without any mention of a confirmation requirement for the remaining members of the Board, leads to the conclusion that confirmation is not required for the remaining members. As the court stated in Gazaway v. Greene County EqualizationBd., 314 Ark. 569, 575, 864 S.W.2d 233 (1993):
 The phrase expressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390, 663 S.W.2d 930
(1946).
314 Ark. at 575.
In my opinion the legislature's express requirement that the" public" members of the Board be subject to Senate confirmation necessarily excludes any requirement that the other members of the Board undergo such confirmation. In my opinion, additionally, this express statement, or the negative implication contained therein, controls over any general requirement found in A.C.A. § 10-2-113.[1] That statute provides as follows:
 (a) All appointments made by the Governor of members of boards and commissions of the State of Arkansas, except appointments of members of boards and commissions governed by specific constitutional provisions that may be in conflict herewith, shall be subject to confirmation by the Senate. However, if any such appointment is made while the General Assembly is not in session, the person so appointed may qualify and hold office until the appointment shall be rejected by the Senate.
 (b)(1) The Governor shall submit to the Senate, within ten (10) days after the General Assembly convenes in regular session, the names of all appointments to boards and commissions of this state made subsequent to adjournment of the Senate at the last regular session of the General Assembly.
 (2) All appointments of members of boards and commissions of this state made while the General Assembly is in session shall be submitted immediately to the Senate.
This statute, enacted in 1967, requires Senate confirmation of most all board and commission appointments. In my opinion, however, the later and more specific provisions of A.C.A. § 17-102-201 govern the confirmation requirements of members of the Board of Acupuncture and Related Techniques. That statute requires only Senate confirmation of the" public" members.
It is axiomatic that where two provisions are in conflict, the more specific one controls. A general provision must yield when there is a specific statute involving the particular matter. See Ozark Gas PipelineCorp. v. Arkansas Public Service Commission, 342 Ark. 591, 29 S.W.3d 730
(2000); Benton v. Gunter, 342 Ark. 543, 29 S.W.3d 719 (2000); Shelton v.Fiser, 340 Ark. 89, 8 S.W.3d 557 (2000); Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994); City of Ft. Smith v. Tate, 311 Ark. 405,844 S.W.2d 356 (1993); Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v.Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
It is my understanding that the two board members you mention are not "public" members of the Board. In my opinion the answer to your question is therefore "yes," the two members of the Board you mention are properly serving despite a lack of confirmation by the Arkansas Senate.[2]
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] In my opinion, because A.C.A. § 17-102-201 does not require Senate confirmation of these Board members, the procedure outlined in A.C.A. §25-17-204 is likewise inapplicable. See generally, for a discussion of the latter statute, Op. Att'y Gen. 2003-090.
[2] It might also be emphasized that A.C.A. § 10-2-113, the statute you reference, provides that ". . . if any such appointment is made while the General Assembly is not in session, the person so appointed may qualify and hold office until the appointment shall be rejected by the Senate." A.C.A. § 10-2-113(a).