The Honorable Phillip Jackson State Representative 4033 Highway 62 West Berryville, AR 72616-8949
Dear Representative Jackson:
You have presented the following question for my opinion:
 Can a city appoint commissioners to its Advertising and Promotion Commission who are not qualified electors of the city — i.e.,
individuals who live outside the city, but who either own businesses or work inside the city?
RESPONSE
It is my opinion that a city should not appoint commissioners to its Advertising and Promotion Commission who are not qualified electors of the city (i.e., who are not residents of the city).
As an initial matter, I must acknowledge that A.C.A. § 26-75-605(a)(1), which is part of the Advertising and Promotion Commission Act, purports to authorize cities to provide by ordinance that some members of the Advertising and Promotion Commission may reside outside the city but within the county. This authorization was added to A.C.A. § 26-75-605 by Acts of 1997, No. 913, § 1.) In contrast, the provisions of A.C.A. §26-75-701 et seq., which govern advertising and promotion commissions and taxes in certain historic cities, do not address this issue.
Article 19, § 3 of the Arkansas Constitution states:
 3. Elected or appointed officers — Qualifications of an elector required.
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
Ark. Const., Art. 19, § 3.
The above quoted constitutional provision has been held to be applicable to municipal officers. Benton v. Gunter, 342 Ark. 543, 29 S.W.3d 719
(2000); Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948). One of my predecessors opined that members of municipal advertising and promotion commissions are municipal officers. Op. Att'y Gen. 91-283. I agree with my predecessor's conclusion regarding that issue. Accordingly, it is my opinion that Article 19, § 3 is applicable to the members of municipal advertising and promotion commissions; members of such commissions must possess the qualifications of an elector.
The Arkansas Supreme Court has interpreted the requirement of "qualifications of an elector," as used in Article 19, § 3, to include residence in the political subdivision in question. See Benton v.Gunter, 342 Ark. 543, 29 S.W.3d 719 (2000); Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991); Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480
(1972); Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948).
Under this interpretation, members of municipal advertising and promotion commissions must be residents of the city served by the commission. Seealso Op. Att'y Gen. No. 95-296 (expressing the same view, but written before the addition in 1997 to A.C.A. § 26-75-605(a)(1) of the language authorizing cities to appoint non-residents to their advertising and promotion commissions, see Acts 1997 No. 913, § 1).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General