Cite as 2024 Ark. 114

# SUPREME COURT OF ARKANSAS
No. CV-23-693

|  |  |
|---|---|
| | **Opinion Delivered:** June 13, 2024 |
| LATONYA AUSTIN HONORABLE, FIFTH DIVISION CIRCUIT JUDGE; J. LEON JOHNSON, FIRST DIVISION CIRCUIT JUDGE; AND HERBERT THOMAS WRIGHT, FOURTH DIVISION CIRCUIT JUDGE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-22-8206] |
| APPELLANTS | |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| BARRY HYDE, IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE; MIKE HUTCHENS, IN HIS OFFICIAL CAPACITY AS COMPTROLLER; CHASTITY SCIFRES, IN HER OFFICIAL CAPACITY AS HUMAN RESOURCES DIRECTOR; AND PULASKI COUNTY, ARKANSAS *EX REL.* BARRY HYDE, COUNTY JUDGE | AFFIRMED. |
| APPELLEES | |

**SHAWN A. WOMACK, Associate Justice**

Arkansas Code Annotated sections 16-13-1412 and 16-13-1414 collectively mandate the creation of certain county-funded employee positions to serve a total of three of the seventeen judicial-district divisions within the Sixth Judicial Circuit serving Pulaski and Perry Counties. Funding for some of these positions was initially part of the 2023 budget, authorized by Pulaski County Ordinance No. 22-OR-45, which allocated funds for, among other things, probation officers in the Fifth Division. *See* Pulaski Cnty, Ark., Ordinance 22-OR-45 (Nov.

29, 2023).  Pulaski County Judge Barry Hyde later announced his decision not to fill some of the vacant positions within the Fifth Division.  Subsequently, then-sitting Fifth Division Circuit Judge Wendell Griffen and his successor in office, Judge-elect LaTonya Austin Honorable, sued Judge Hyde, seeking a judicial remedy to mandate the filling of these positions as appropriated in the 2023 budget.  Judge Hyde contended that the two statutes in question are unconstitutional as special and local legislation under amendment 14 of the Arkansas Constitution.  The circuit court ruled in favor of Judge Hyde, declaring the statutes unconstitutional because they apply only to specific divisions rather than all divisions in the Sixth Judicial Circuit.  Additionally, the court dismissed arguments of estoppel raised by Judge-elect Honorable, finding that Pulaski County's (the County's) previous funding of these positions did not preclude it from now challenging the constitutionality of the statutes.  We affirm the circuit court's order finding that both statutes violate amendment 14 and that the County was not estopped from bringing its constitutional challenge.

I. *Background*

In 2022, the Pulaski County Quorum Court Budget Committee approved the County's budget for 2023, which became Pulaski County Ordinance No. 22-OR-45.  The budget provided funds for a chief probation officer, three deputy probation officers, a presentence officer, and an intake officer.  The roles of chief probation officer, one deputy probation officer, and presentence officer are required by Arkansas Code Annotated sections 16-13-1412 and 16-13-1414, respectively.  The intake officer and the remaining two deputy probation officers listed in the budget were established separately by the Quorum Court.

Judge Hyde sent an email on October 14, 2022, to the county comptroller and human-resources director informing them that he would not be filling four vacant county-created

2

positions for the Fifth Division.[1] Following the Quorum Court's adoption of the 2023 budget, Judge Hyde publicly announced that he would be phasing out the vacant positions.

On December 1, 2022, Griffen and Judge-elect Honorable filed a petition for writ of mandamus, motion for temporary restraining order, and motion for preliminary injunction in the Sixth Division of the Pulaski County Circuit Court, seeking an order compelling Judge Hyde to fill the vacant probation-officer positions for the Fifth Division, as appropriated by the Quorum Court's 2023 budget. In response, Judge Hyde filed a counterclaim for declaratory judgment, alleging that Arkansas Code Annotated section 16-13-1412, which created the positions of chief probation officer and deputy probation officer for the First and Fifth Divisions of the Sixth Judicial Circuit, and Arkansas Code Annotated section 16-13-1414, which created the position of presentence officer for the First, Fourth, and Fifth Divisions of the Sixth Judicial Circuit, violate amendment 14.

Along with Judge Honorable, First Division Circuit Judge Leon Johnson and Fourth Division Circuit Judge Herbert Wright were joined as counter-defendants.[2] However, because a presentence officer was not appointed to the Fourth Division, as it is not presently assigned a criminal docket, Judge Wright filed a notice disclaiming all rights and interests in the matter.

Judge Honorable filed a motion to dismiss the counterclaim asserting that the County was barred from challenging the constitutionality of sections 16-13-1412 and 16-13-1414 under the doctrines of estoppel, laches, waiver, and statute of limitations. After a final hearing, the circuit court entered an order in favor of Judge Hyde and the County. It found that sections

---

[1] Judge Hyde later clarified that only three positions would go unfilled.

[2] Judge Griffen was not joined as a counter-defendant as he had already left office. He was subsequently dismissed as a party to this litigation.

16-13-1412 and 16-13-1414 are unconstitutional as local and special legislation in violation of amendment 14, reasoning that the statutes do not apply to all divisions in the Sixth Judicial Circuit.

Because it found that the statutes mandating the positions are unconstitutional, the circuit court concluded that the employee positions at issue are county employees created by the Quorum Court's discretionary and constitutional authority. Moreover, the circuit court found that under amendment 55, section 3 of the Arkansas Constitution, these employment positions fall under the authority of the county judge, who has the right to hire, fire, and supervise each of them. Consequently, the circuit court denied Judge Honorable's petition for writ of mandamus, motion for temporary restraining order, and motion for preliminary injunction. The circuit court also denied Judge Honorable's affirmative defenses of estoppel, laches, waiver, and statute of limitations. This appeal followed.

II. *Discussion*

The central issue in this case is whether Arkansas Code Annotated sections 16-13-1412 and 16-13-1414 are unconstitutional under amendment 14 of the Arkansas Constitution.

As a threshold matter, we will look to the language of amendment 14, which provides the cornerstone of our analysis. Amendment 14 states that "[t]he General Assembly shall not pass any local or special act." Ark. Const. amend. 14. A legislative act is special if, by some inherent limitation or classification, it separates some person, place, or thing from those upon which, but for separation, it would operate. *Foster v. Jefferson Cnty. Bd. of Election Comm'rs*, 328 Ark. 223, 944 S.W.2d 93 (1997). An act is local if it applies to any division or subdivision of the state less than the whole. *Id.*

4

"Where the class employed to limit the application of an act consists of a single county, city, or district, this Court has often concluded that the act is special or local within the meaning of Amendment 14." *Littleton v. Blanton*, 281 Ark. 395, 399, 665 S.W.2d 239, 241 (1996). *Littleton* references and provides history for an administration-of-justice exception for special acts found first in *Waterman v. Hawkins*, 75 Ark 120, 86 S.W. 844 (1905), and then notes that "while the *Waterman* case has frequently been cited as authority for the rule that acts relating to the administration of justice are neither local nor special within the meaning of the Constitution, this Court has never been comfortable with the rule so broadly stated nor consistent in its application." *Id*. at 401, 665 S.W. at 242 (citation omitted). "With respect to the so-called administration of justice exception, we announce that statutes relating to the administration of justice will no longer be held per se to be neither local or [sic] special within the meaning of Amendment 14. Of all areas of legislation, the administration of justice above all should be immune to the evils of discriminatory laws and pork-barreling which Amendment 14 was designed to end. While the Legislature has authority to establish courts within the limits prescribed by the Constitution, it should strive to create a judicial system throughout the State which is as uniform as practical." *Id*. at 405, 665 S.W. at 244.

Here, Judge Hyde's refusal to fill the vacant positions as required by sections 16-13-1412 and 16-13-1414 is analogous to the situation in *Beaumont v. Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980). In *Beaumont*, Pulaski County Circuit Judge Richard B. Adkisson ordered County Judge William E. Beaumont to pay salaries for certain court employees under Act 629 of 1979. Beaumont refused, leading to a dispute regarding the constitutionality of Act 629, which applied only to employees of only one out of five divisions of the Sixth Judicial Circuit. In

*Beaumont*, we found Act 629 to be unconstitutional under amendment 14 because it was a special act.

Similarly, in the present case, sections 16-13-1412 and 16-13-1414 are unconstitutional because they arbitrarily apply specifically to the employment of certain personnel for the First, Fourth, and Fifth Divisions of the Sixth Judicial Circuit rather than uniformly across the district or the state. The statutes at issue here and in *Beaumont* demonstrate the type of special legislation that amendment 14 was designed to prevent. Additionally, just as Beaumont could not be compelled to act under an unconstitutional statute, Judge Hyde's refusal to fill the positions at issue here is similarly protected.

Although seventeen divisions comprise the Sixth Judicial Circuit, the statutes at issue allow for only three divisions to appoint certain court personnel. Section 16-13-1412 states that "[t]he circuit judges of the First and Fifth Divisions of the Sixth Judicial District may appoint a chief probation officer and a deputy probation officer." Ark. Code Ann. § 16-13-1412(a) (Supp. 2023). Additionally, section 16-13-1414 states that "[t]he circuit judges of the First, Fourth, and Fifth Divisions of the Sixth Judicial District may appoint one (1) presentence officer." Ark. Code Ann. § 16-13-1414(a) (Repl. 2010).

We hold that both statutes violate amendment 14's prohibition on local and special acts. *Thus, we affirm the circuit court's ruling that sections 16-13-1412 and 16-13-1414 are unconstitutional, which is consistent with our precedent in Beaumont.*

We will next move to the issue of estoppel. Judge Honorable argues that the County should be estopped from eliminating the positions at issue because it had funded probation officers for the Fifth Division from 1982 to 2022 without objection. In *40 Retail Corp. v. City of Clarksville*, we acknowledged the trend of courts supporting relaxation of the estoppel

6

doctrine in favor of reaching the merits of constitutional issues so as not to insulate mandatory legislation from attack. 2012 Ark. 422, 424 S.W.3d 823. Sections 16-13-1412 and 16-13-1414 are exactly the sort of mandatory legislation that should not be insulated from constitutional challenge. These statutes permit the Fifth Division to appoint court personnel and require the County to fund the salaries. Ark. Code Ann. §§ 16-13-1412(c), 16-13-1414(c). The County, therefore, had no choice but to fund the Fifth Division positions pursuant to two presumably constitutional statutes until the law was successfully challenged. Thus, the County should not now be punished for its previous compliance with the law and should not be estopped from bringing this constitutional challenge.

Affirmed.

BAKER, J., concurs.

*Terrence Cain*, for appellant LaTonya Austin Honorable.

*Adam Fogelman*, *Hamilton Kemp*, *Dominique Lane*, and *Jennifer Link*, Pulaski County Attorney's Office; *LaPorte-Jenner Law, PLLC*, by: *Frank LaPorte-Jenner* and *Kelli LaPorte-Jenner*, for appellees.